## Back et al. v. Levin et al.

*William C. Hogg, Jr.*, for plaintiffs.

*C. William Kraft, Jr.*, for defendants.

SWENEY, J., July 7, 1955.—We have before us preliminary objections filed by defendants against plaintiffs' complaints in the two actions above set forth. The parties have submitted written briefs and have argued the matter before the court en banc.

Harry R. Back, Esq., is a member of the Philadelphia Bar who was retained by Harry Levin and his son, Benjamin J. Levin, on or about December 1, 1953, to represent them in legal difficulties they were encountering with Philip Green, father-in-law of Benjamin J. Levin and father of Norma Levin. N. Horace Berman, Esq., was engaged as attorney by the three Levins, on or about July 15, 1953, for the same purpose; Mr. Berman died on December 5, 1953, and the Levins engaged Howard Richard, Esq., on or about December 17, 1953.

N. Horace Berman, Esq., performed certain services for defendants before his death. After his death, Messrs. Back and Richard worked both separately and together and were engaged in settling the difficulties arising from some 20 suits, when Mr. Back was relieved from his representation by defendants and C. William Kraft, Jr., Esq., was substituted.

A settlement was finally consummated and the attorneys-plaintiff in the two cases before us seek to recover on the basis of $20 per hour for time expended in this representation and a collection fee of 15 percent on the amount recovered by defendants in

the settlement, to be split 7½ percent to Harry R. Back, 5 percent to Howard Richard and 2½ percent to N. Horace Berman.

Mr. Back claims 300 hours of time at $20 per hour and 7½ percent of $350,000; Mr. Richard claims 338¾ hours at $20 per hour and 5 percent of $350,-000, and N. Horace Berman's estate claims 126¾ hours at $20 per hour and 2½ percent of $350,000.

Defendants, in their preliminary objections, move the court to strike off the complaints because (1) the complaints do not set forth in separate counts the claims against each defendant, (2) failed to attach a copy of the compromise settlement agreement and (3) failed to set forth any agreement upon which there can be predicated a claim for a collection commission; further, defendants move for a more specific pleading in which plaintiffs shall itemize the hours spent for each defendant, the services rendered and their alleged worth and attaching a copy of the settlement agreement; and finally, defendants petition the court to dismiss each suit for failure to join all three attorneys as plaintiffs or, as an alternative, to direct the joinder of all three attorneys as plaintiffs.

The questions raised by these proceedings are:

1. Should the claims against each defendant be set forth in separate counts?

2. Should the complaints be dismissed because there is no basis for a collection or contingent fee?

3. Should a copy of the settlement agreement be attached?

4. Has there been a misjoinder of parties?

As to the first question, the answer must be in the negative. As we read the complaint, the three individual defendants are alleged to have retained the services of the three atorneys to handle the legal affairs growing out of suits started against them by Philip Green and to start suits on their behalf against Philip

Green. There was apparently an indivisible community of interest, which would make it impossible to divide responsibility and there is nothing in the complaint which would indicate other than that the attorneys might bill any one of the three for services and collect from the one best able to pay. We will dismiss the objections in this connection.

The second question is not so easy to answer. From the complaint, it would appear that there was no agreement as to fees when defendants retained plaintiffs as attorneys. It is apparent, therefore, that the fees must be recovered on the basis of quantum meruit. The question resolves itself into what the services are worth; this may properly be a jury question. But, it would seem clear that plaintiffs may not collect both for time and on contingency. It well may be that, in proving the value of his service, an attorney may show the services rendered and prove the value of these services and the value may be measured by the price per hour, the price per pleading and by an accepted contingent percentage or collection fee. But, we repeat, recovery may not be had by totaling the different measurement standards; the standards only indicate what the fair and reasonable fee will be. We feel that plaintiffs here may set forth in their complaints the fees for services, which they believe properly compensate them for services rendered, and that, at trial, they may produce the proof to sustain the demand. We will sustain the objection in this connection and will direct that the complaints be amended in this respect.

As to the third question, we see no reason why a copy of the settlement agreement between defendants and the Greens should be attached to the complaints. The agreement is only evidence of the settlement between the parties; its only significance is that it shows a settlement of the differences between the parties, so that the attorneys may charge a fee for services. We

would think differently, however, if the settlement agreement is the basis, by its terms, of a collection fee; at this point, we have no way of knowing whether or not the agreement contains a statement of the amount the Levins received in settlement; if it does and plaintiffs intend to use it as the basis of their claim for compensation, it might well be attached to the complaint; if on the other hand, as we suspect, the agreement is mentioned in the complaint for rhetorical purposes, it is not necessary that it be attached. We will dismiss the objections in this connection.

As to the final question, we find no misjoinder of parties as far as plaintiffs are concerned. There is no reason why all three attorneys could not have started separate suits. However, we will be disposed to rule, upon trial, that both of these cases shall be tried together. As to defendants, there may be some question about the Key Enterprises, Inc.; we gather from the complaint, that plaintiff, Howard Richard, formed this corporation to receive the bulk of the assets, after a settlement had been agreed upon by the parties; it becomes clear that these plaintiffs have no agreement with the corporation to pay fees and, as a consequence, we feel that Key Enterprises, Inc., has been improperly joined as a defendant.

### Decree

And now, July 7, 1955, it is ordered and decreed that:

(1) As to defendants' motion to strike off complaint, we dismiss the motion because of the first 10 reasons and sustain the motion as to the eleventh reason; we hereby grant plaintiffs in both actions the right to amend their complaint, setting forth a cause of action for the recovery of proper and reasonable fees in accordance with this opinion, within 20 days from the date of this opinion;

(2) As to defendants' motion for more specific pleading, we dismiss this motion; and

(3) as to misjoinder of parties, we dismiss this motion.

An exception is noted for all parties.